UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O.J. DISTRIBUTING, INC.

       Plaintiff,

v.                                                             Case No. 98-71940
                                                            Honorable Denise Page Hood

HORNELL BREWING CO., INC.

       Defendant,

v.

J.P. MORGAN CHASE BANK,

       Garnishee Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR INTERIM DISCOVERY**

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Compel Payment of Garnished Funds, filed June 4, 2012, and Motion for Interim Discovery as to Defendant's Potential Fraud in Concealment of Corporate Identity and Status, filed August 4, 2012.  The matter has been fully briefed and the Court is scheduled to listen to oral arguments on October 3rd at 4:00 p.m.  For the reasons stated below, O.J. Distributing's Motion to Compel and Motion for Interim Discovery are GRANTED IN PART.

**II.    MOTION TO COMPEL PAYMENT OF GARNISHED FUNDS**

On April 13, 2011, this Court entered judgment against Hornell in the amount of $95,872.00,

plus costs and attorney fees. To date, Hornell has not made payment on the Judgment. On January 18, 2012, O.J. Distributing issued a Writ of Non-Periodic Garnishment to J.P. Morgan Chase Bank, N.A. (Chase Bank). On March 5, 2012, O.J. Distributing filed Proof of Service of the Writ to Chase Bank. However, Chase Bank asserts that it was not properly served.

Pursuant to MICH. CT. R. 3.101(E)(3)(b) Chase Bank is required to file a Verified Disclosure with O.J. Distributing, Hornell, and the Court Clerk within fourteen (14) days after service of the Writ. Instead, on February 8, 2012, Hornell filed an Objection to the Writ arguing that the interest calculations contained in the Writ were erroneous and overstated. Hornell also maintained that it does not have any interest to which O.J. Brewing is entitled.

On March 5, 2012, O.J. Distributing requested that the Clerk enter a Default against Chase Bank for failure to file a Verified Disclosure. The Clerk entered a Default Judgment on March 6, 2012. O.J. Distributing filed a Motion for Entry of Default on March 14, 2012.

Chase Bank filed a Disclosure and Amended Disclosure on April 27, 2012.[1] Chase Bank asked the Court to Set Aside the Default on May 15, 2012. On May 16, 2012, Chase Bank filed a response to O.J. Distributing's Motion for Entry of Default Judgment. O.J. Distributing agreed to withdraw its Motion for Entry of Default Judgment and accept the Disclosures as timely.

O.J. Distributing argues that Hornell has not indicated what the interest calculations should be. Interest calculations were sent to Hornell's counsel in January 2012. Hornell contends that O.J. Distributing uses a rate that is one percent higher than the Michigan rate and uses the Michigan interest rate although post-judgment interest is governed by 28 U.S.C. § 1961. It further argues that

---

[1] O.J. Distributing argues that the Disclosures show that Hornell had sufficient funds to pay the Judgment and the Chase Bank enjoined the disposition of the funds pending the Court's Order. Hornell contends that the Disclosures identifies United Beer Distributing Company and Hornell Brewing Company, Inc. and indicates that Chase Bank withheld $209,450.47.

the Disclosure documents filed by Chase Bank do not govern the rights of the parties. The Disclosure documents identify United Beer Distributing or Hornell Brewing Company, with which O.J. Distributing had no dealings with or which was formed after the events giving rise to litigation. It further notes that Hornell Distributing Company "is no longer active as evidenced by the documents provided to [O.J. Distributing's] counsel." It provides that Hornell Brewing Company became inactive at the same time that Hornell Brewing Company, Inc. became active and O.J. Distributing is not entitled to funds from Hornell Brewing Co., Inc.

O.J. Distributing requests an additional award for attorney fees and costs and that additional interest be accrued. Hornell contends that additional interest accrued at a rate of 0.27 percent pursuant to section 1961. O.J. Distributing did not file a reply and, therefore, did not express any objection to Hornell's arguments.

Hornell does not dispute that it owes additional interest but rather that O.J. Distributing has relied on the wrong interest rate to calculate interest. O.J. Distributing appeared to be using the Michigan interest rate and not the federal interest rate for post-judgments. At the October 3, 2012 hearing, the parties agreed on an interest rate calculation.

The only issue before the Court is whether O.J. Distributing is entitled to compel garnishment from Chase Bank. The Court cannot decide the issue at this time because it is not clear whether the funds held belong to Hornell or another company. The funds shall continue to be held by Chase Bank until the Court's decision on that matter.

### III. MOTION FOR INTERIM DISCOVERY

O.J. Distributing argues that Hornell never indicated that it was inactive prior to entry of judgment and led O.J. Distributing to believe that it was an active corporation. The same attorney

represented the inactive and active companies, the business operations were continuous, and the company names are virtually identical. Furthermore, O.J. Distributing indicates that both companies maintain the same principals. It argues that Hornell has either committed fraud or deliberately concealed information from the Court. O.J. Distributing requests the Court allow it to conduct additional discovery to determine whether fraud was actually committed. It also requests that the Court sanction Hornell and impose costs and fees against Hornell. In its response, Hornell indicates that it has no objection to the discovery that O.J. Distributing requests but objects to the remaining relief.

The Court may conduct broad discovery from any person to aid execution of a judgment. Federal Rule of Civil Procedure 69(a)(2) provides that "the judgment creditor or a successor in interest . . . may obtain discovery from any person—including the judgment debtor . . ." to aid the execution of a judgment. In post-judgment discovery, "the creditor is entitled to 'utilize the full panoply of federal discovery measures' provided for under federal and state law to obtain information from parties and non-parties alike, including information about . . . assets that have been fraudulently transferred." *Andrews v. Raphaelson*, No. 09-077-JBC, 2009 U.S. Dist. LEXIS 36658, *8 (E.D. Ky. Apr. 30, 2009) (unpublished) (quoting *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D.N.Y. 1977)).

The Court will allow O.J. Distributing to conduct discovery into Hornell's corporate activity and other matters necessary to aid in the execution of the Court's judgment. Hornell does not object to this relief. However, the Court will not decide on sanctions at this time. An inquiry into sanctions appears premature when no discovery has been conducted into Hornell's corporate activity.

## IV.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Payment of Garnished Funds **[Docket No. 200, filed June 4, 2012]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that O.J. Distributing is entitled to further interest as agreed to by the parties.  The Court will refrain from deciding whether Chase Bank must be compelled to distribute the funds held until the close of the requested discovery.  At the close of discovery, O.J. Distributing is directed to re-file their Motion to Compel or reinstate this Motion to Compel and file a supplemental brief to which Hornell may respond.

**IT IS FURTHER ORDERED** that Chase Bank continue to enjoin the disposition of the funds pending the Court's order on distribution of the funds.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Interim Discovery **[Docket No. 207, filed August 4, 2012]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that parties have ninety (90) days, until January 3, 2013, to conduct discovery in aid of executing the Court's April 13, 2011 Order.

**IT IS FURTHER ORDERED** that O.J. Distributing's request for sanctions is **DENIED WITHOUT PREJUDICE**.  O.J. Distributing may renew its request for sanctions at the close of the requested discovery period.

**IT IS FURTHER ORDERED** that O.J. Distributing must file or reinstate its motion for sanctions and/or motion to compel by January 31, 2013.

Dated:  October 5, 2012          S/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2012, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager